UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER MACDOUGALL AND :
MYRNA MACDOUGALL :
:
VS. : C.A. NO. 07-394-S
:
HEWLETT-PACKARD COMPANY :

ANSWER OF DEFENDANT, HEWLETT-PACKARD COMPANY

FIRST DEFENSE

AS TO PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and leaves the plaintiffs to their proof.

2. The defendant admits the allegations contained in paragraph 2.

AS TO STATEMENT OF FACTS

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3 and 4 and leaves the plaintiffs to their proof.

2. The defendant denies the allegations contained in paragraph 5.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and leaves the plaintiffs to their proof.

4. The defendant denies the allegations contained in paragraph 7.

AS TO COUNT I

1. The defendant incorporates by reference its answers to paragraphs 1 through 7 as its answers to paragraph 8.

2. The defendant neither admits nor denies the allegations contained in paragraph 9 insofar as such allegations call for legal conclusions rather than the admission or denial of facts and, therefore, the defendant leaves the plaintiffs to their proof.

3. The defendant denies the allegations contained in paragraphs 10 and 11.

AS TO COUNT II

1. The defendant incorporates by reference its answers to paragraphs 1 through 11 as its answers to paragraph 12.

2. The defendant denies the allegations contained in paragraphs 13, 14, 15 and 16.

AS TO COUNT III

1. The defendant incorporates by reference its answers to paragraphs 1 through 16 as its answers to paragraph 17.

2. The defendant admits that it knew that its Compaq Presario Notebook Model V500 would be used by the consuming public; and denies any contrary allegations contained in paragraph 18.

3. The defendant neither admits nor denies the allegations contained in paragraphs 19 and 20 insofar as such allegations call for legal conclusions rather than the admission or denial of facts and, therefore, the defendant leaves the plaintiffs to their proof.

4. The defendant denies the allegations contained in paragraphs 21, 22 and 23 and all other allegations contained in the plaintiffs' complaint.

SECOND DEFENSE

The plaintiffs were guilty of conduct which caused or contributed to the injuries and/or damages complained of.

THIRD DEFENSE

The plaintiffs' damages, if any at all, were caused by other persons, firms or corporations for whose conduct the defendant is not responsible.

FOURTH DEFENSE

The defendant affirmatively pleads misuse and/or abuse of the product as a bar to the within action.

FIFTH DEFENSE

This defendant affirmatively states that any product supplied by it, if supplied at all, was reasonably fit for use at the time that it left this defendant's hands and that the damages incurred by the plaintiff could not have been proximately caused by the product manufactured, sold or supplied by the defendant.

SIXTH DEFENSE

The product was used in a manner which was unforeseen and in a manner for which it was not intended and therefore the action is barred.

CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

Hewlett-Packard Company hereby claims trial by jury.

CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on October 29, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that James T. Murphy, Esq., jtm@hansoncurran.com will receive notice through the ECF system.

/s/ C. Russell Bengtson