NRM 07-234 11/14/07

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PETER MACDOUGALL AND** | : | |
| **MYRNA MACDOUGALL** | : | |
| | : | |
| **V.** | : | **C.A.No. 07-394-S** |
| | : | |
| **HEWLETT-PACKARD COMPANY** | : | |

**PLAINTIFF'S RULE 16 STATEMENT**

## I. Summary of Basic Facts

On the morning of April 16, 2007, a fire occurred at the home of Peter and Myrna MacDougall in Warren, Rhode Island. That morning, Myrna MacDougall was working on her Hewlett-Packard ("HP") laptop computer, a Compaq Presario, Model V500, Serial No. CND612344CO. At approximately 10:37 a.m., Mrs. MacDougall exited her home for a doctor's appointment, leaving the laptop on the living room sofa. Minutes later, at approximately 10:45 a.m., a fire broke out in the MacDougall's residence. Neighbors quickly called the Warren Fire Department, who responded promptly. The fire caused extensive damage to the area of its origin, as well and smoke and soot damage to the remainder of the house.

Fire Investigator Richard Ciesla visited the site on April 19, 2007 and determined that the ignition source of the fire was the MacDougall's HP laptop. He identified no other ignition sources, and the Warren Fire Department concurred with his analysis. He indicated that the sofa's fabric and part of a newspaper underneath the laptop provided the fire load.

Ciesla also learned that HP had recalled approximately 85,000 laptops in October 2005 due to a defect; specifically, an internal short that caused battery cells to overheat and melt, posing a burn and fire hazard. Prior to the recall, HP had received 16 reports of batteries overheating, four of which involved property damage. The MacDougall's laptop was not one of the model types recalled by HP, however.

On Friday, April 27, 2007, Dr. Jim Feldman, an electrical engineer, conducted a joint site inspection with HP representatives, and strongly suspected that a failure within the laptop battery started the fire. Dr. Feldman believed that an internal explosion within the battery burned through the plastic outside covering of the battery and caused the fire. He ruled out all other possible ignition sources. Photographs of the damaged unit support Dr. Feldman's conclusions.

HP offered no other ignition source theories and could not explain the severe damage to the battery area of the laptop. A comprehensive demand package was forwarded to HP, including expert reports and photographs. HP rejected the claim.

## II. Elements of Proof – Substantive Law

Plaintiff's Complaint alleges negligence, strict liability, and breach of the warranties of merchantability and fitness for a particular purpose.

To prevail on a claim of negligence, "a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Mills v. State Sales, Inc.*, 824 A.2d 461, 467-68 (R.I. 2003) (quoting *Jenard v. Halpin*, 567 A.2d 368, 370 (R.I. 1989)). It is a fundamental principle of law that "[a] defendant

cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff." *Santucci v. Citizens Bank of Rhode Island,* 799 A.2d 254, 256 (R.I. 2002) (quoting *Ferreira v. Strack,* 636 A.2d 682, 685 (R.I. 1994)). This duty of care element of negligence "is an obligation imposed by the law upon a person. It requires that person to conform his or her actions to a particular standard." *Kuzniar v. Keach,* 709 A.2d 1050, 1055 (R.I. 1998). Defendant, Hewlett-Packard, owed a duty of care to the MacDougalls to exercise reasonable care in the design and manufacture of the Compaq Presario laptop and to provide adequate and sufficient warnings with respect to the use and/or storage of said laptop. Breach of the duty of care may be established by showing that damage of the type sustained by the MacDougalls as a result of the unreasonably dangerous and defective laptop battery do not usually occur in the absence of negligence (and that there is no evidence of any other responsible cause of the accident).

In *Ritter v. Narragansett Electric Co.,* 109 R.I. 176, 192, 283 A.2d 255, 263 (1971), the Rhode Island Supreme Court adopted the doctrine of strict liability of tort in products liability cases as set forth in the Restatement (Second) *Torts* § 402A (1965). The Court held that one who sells a product in a "defective condition unreasonably dangerous" is subject to liability for harm suffered by the ultimate user or consumer if: (1) "the seller is engaged in the business of selling such a product," and (2) the product "is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." *Ritter,* 109 R.I. at 188, 283 A.2d at 261. "In a strict liability action, the plaintiff has the burden of proving a defect in the design or manufacture that makes the product unsafe for its intended use, and also that the plaintiff's injury was proximately caused by this defect." *Thomas v. Amway Corp.,* 488

A.2d 716, 722 (R.I. 1985). The plaintiff bears the burden of proving "that the product was in a defective condition at the time that it left the hands of the particular seller." *Ritter,* 109 R.I. at 190, 283 A.2d at 263. A plaintiff is permitted to draw inferences of fact based on circumstantial evidence; however, simply establishing that use of the product resulted in injury will not satisfy the burden. *Thomas*, 488 A.2d at 722. Establishing design-defect liability under § 402A requires only that the product be defective and unreasonably dangerous. *Castringano v. E.R. Squibb and Sons, Inc.*, 546 A.2d 775, 781 (R.I. 1988). The Court has defined the term "unreasonably dangerous" to mean that "the defect in the product establishes a strong likelihood of injury to the user or consumer thereof." *Ritter,* 109 R.I. at 191, 283 A.2d at 263.

Rhode Island also recognizes a cause of action for personal injuries based on breach of the implied warranty of merchantability. *Parrillo v. Giroux Co.,* 426 A.2d 1313 (R.I. 1981). In order to recover for an action for breach of implied warranty of merchantability a plaintiff must establish five elements: "(1) that a merchant sold goods, (2) which were not 'merchantable' at the time of sale, and (3) injury and damages to the plaintiff or his property (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to seller of injury." *Electric Terminal Corp. v. Cessna Aircraft,* 520 A.2d 144, 146 (R.I. 1987). As to the fourth element, the Court has warned that a plaintiff must show a "causal nexus between the happening of the occurrence and the alleged breach of the implied warranty of merchantability." *Thomas,* 488 A.2d at 719.

Lastly, "[a]n implied warranty of fitness for a particular purpose arises when the seller has reason to know the buyer's particular purpose and that the buyer is relying on the seller's skill or judgment to furnish appropriate goods and the buyer relies on the

seller's skill or judgment." *Lariviere v. Dayton Safety Ladder Co.,* 525 A.2d 892, 897 (R.I.1987) (citing *Keenan v. Cherry & Webb,* 47 R.I. 125, 128, 131 A. 309, 311 (1925)). "[A] dealer who sells articles which ordinarily are used in but one way impliedly warrants fitness for use in that particular way unless there is evidence to the contrary." *Id.* (quoting *Keenan,* 47 R.I. at 129, 131 A. at 311. "The buyer's particular purpose may be equivalent to nothing more than his general purpose, or it may relate to his more specific purpose. * * * [M]erchantability and fitness for a particular purpose may not be equivalent." *Keenan,* 47 R.I. at 129, 131 A. at 311.

Plaintiffs,

By their Attorneys,

/s/ James T. Murphy
James T. Murphy R.I. Bar #1698
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
Phone: 401-421-2154
Fax: 401-521-7040
jtm@hansoncurran.com

/s/ Nicholas R. Mancini
Nicholas Mancini R.I. Bar #7100
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
Phone: 401-421-2154
Fax: 401-521-7040
nrm@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on November 14, 2007, an exact copy of the within document was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for its distribution to all counsel of record.

/s/ James T. Murphy