NRM:em  4/14/08    07-234

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PETER MACDOUGALL AND MYRNA MACDOUGALL | : : : |
| V. | : C.A.No. 07-394-S |
| HEWLETT-PACKARD COMPANY | : : |

## AMENDED COMPLAINT

Plaintiffs, Peter and Myrna MacDougall, by and through their undersigned counsel, and with the written consent of counsel for Hewlett-Packard Company pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, respectfully submit this Amended Complaint and hereby demand judgment against Defendant Hewlett-Packard Company, and aver as follows:

### PARTIES

1. Plaintiffs Peter and Myrna MacDougall (hereinafter, "the MacDougalls") are citizens of the State of Rhode Island and owners of the real property located at 35 Fairview Avenue, Warren, Rhode Island 02885, and all the personal property located within the real property, specifically, the Hewlett-Packard Compaq Presario Notebook, Model V500, Serial No. CND612344CO.

2. Upon information and belief, Defendant Hewlett-Packard Company (hereinafter, "HP") is a Delaware Corporation whose principal place of business is located at 3000 Hanover Street, Palo Alto, California 94304-1181. HP is engaged in the business of manufacturing, distributing, supplying and servicing, a wide range of products and services from digital

photography to digital entertainment, computing and home printing utilized by Rhode Island consumers.

## STATEMENT OF FACTS

3. At all times relevant hereto, the MacDougalls owned a Hewlett Packard Compaq Presario Notebook, Model V500, Serial No. CND612344CO (hereinafter "the Notebook") manufactured by HP.

4. The MacDougalls purchased the Notebook on or about May 2006 for use within their real property located at 35 Fairview Avenue, Warren, Rhode Island 02885.

5. On or about April 16, 2007, a fire originated in the Notebook and caused damage to the MacDougalls' real and personal property.

6. The MacDougalls made no modifications or alternations to the Notebook prior to the fire which occurred on or about April 16, 2007.

7. As a direct and proximate result of the fire which originated in the Notebook, the MacDougalls suffered damages to their real and personal property in an amount sufficient to establish the jurisdiction of this Court.

## COUNT I – NEGLIGENCE

8. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if set forth at length.

9. Defendant HP owed Plaintiffs a duty of care to design, manufacture, and supply the Notebook so that it would be safe for its intended and reasonably foreseeable uses.

10. Defendant HP, acting by and through its agents, servants, and/or employees, breached this duty of care through negligence, carelessness, and/or negligent omissions in:

a) designing, manufacturing, assembling and/or supplying a Notebook which Defendant knew or reasonably should have known subjected Plaintiffs and Plaintiffs' real and personal property to an unreasonable risk of harm;

b) selling and/or supplying a Notebook which Defendant knew or reasonably should have known subjected Plaintiff and Plaintiffs' real and personal property to an unreasonable risk of harm;

c) failing to properly and adequately warn Plaintiffs of the limitations of the Notebook;

d) failing to provide adequate and sufficient warning with respect to the use of said Notebook which rendered it defective and unreasonably dangerous;

f) misrepresenting the uses and attributes of the Notebook upon which misrepresentations Plaintiffs relied to their detriment.

11. As a direct and proximate result of Defendant HP's negligence as set forth above, the Notebook malfunctioned and Plaintiffs suffered damages to their real and personal property in an amount sufficient to establish the jurisdiction of this Court.

WHEREFORE, Plaintiff demands judgment against Defendant HP, plus costs, interest, and such other relief as this Court may deem fit.

## COUNT II - STRICT LIABILITY

12. Plaintiffs incorporates the allegations contained in the preceding paragraphs as if set forth at length.

13. Defendant HP sold and/or supplied said Notebook in a defective condition.

14. Said Notebook was sold and/or supplied to Plaintiffs in the same defective condition in which it left Defendant's possession and/or control.

15. The fire, damage and destruction to Plaintiffs' real and personal property were caused by and resulted from the acts and/or omissions of Defendant HP, acting by and through its agents, servants, and/or employees acting in the scope of their employment, for which Defendant is strictly liable pursuant to Section 402A of the Restatement (Second) of Torts in:

    a) selling and/or supplying a dangerously defective Notebook which Defendant knew or reasonably should have known subjected Plaintiffs and Plaintiffs' real and personal property to an unreasonable risk of harm;

    b) failing to warn of limitations of said Notebook;

    c) misrepresenting the attributes and uses of its product upon which misrepresentations Plaintiffs relied to their detriment;

    d) selling and/or supplying a product that was not safe for its intended use;

    e) failing to design a product that was safe for its intended use;

    f) failing to provide adequate and sufficient warning with respect to the use of said Notebook which rendered it defective and unreasonably dangerous; and

    g) generally acting in a manner which subjected Defendant to strict liability under all of the circumstances.

16. As a further direct and proximate result of Defendant's acts and/or omissions for which Defendant is strictly liable pursuant to Section 402A of the Restatement (Second) of Torts, as set forth above, the Notebook malfunctioned and Plaintiffs suffered damages to their real and personal property in an amount sufficient to establish the jurisdiction of this Court.

WHEREFORE, Plaintiffs demands judgment against Defendant HP, plus costs, interest, and such other relief as this Court may deem fit.

## COUNT III - BREACH OF WARRANTIES

17. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length.

18. Defendant HP in designing, manufacturing, and supplying the said Notebook, knew and intended that its product would be used by the consuming public.

19. Plaintiffs were as intended users of the Notebook and had the right to and did rely upon the expertise and knowledge of Defendant HP in designing, manufacturing, and supplying, the said Notebook.

20. Defendant HP warranted that said Notebook was reasonably fit for the use intended and was of a merchantable quality when in fact said Notebook was not reasonably fit and not of merchantable quality.

21. Defendant HP breached the above-mentioned implied warranties of merchantability and fitness for a particular purpose when in fact said Notebook was not reasonably fit for the purpose intended and not of merchantable quality.

22. Defendant HP's breach of said implied warranties of merchantability and fitness for a particular purpose was a direct and proximate cause of the fire and damages hereinafter set forth.

23. As a further direct and proximate result of the Defendant's breach of said implied warranties, as set forth above, the Notebook malfunctioned and the Plaintiffs suffered damage to their real and personal property in an amount sufficient to establish the jurisdiction of this Court.

WHEREFORE, Plaintiff demands judgment against Defendant HP, plus costs, interest, and such other relief as this Court may deem fit.

Plaintiffs demand a trial by jury, and designate James T. Murphy, Esq., as trial counsel.

Respectfully submitted,
Plaintiffs,

By their Attorneys,

/s/   James T. Murphy, Esq.
James T. Murphy R.I. Bar #1698
Nicholas Mancini   R.I. Bar #7100
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903
Phone: 401-421-2154
Fax: 401-521-7040
E-mail: nrm@hansoncurran.com
*LOCAL* Counsel


/s/   Alfonso Gambone, Esq.
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: 215-864-7000
Fax: 215-864-7123
E-mail: Gambonea@whiteandwilliams.com
*PRO HAC VICE* Counsel

DATED: April 14, 2008

## PROOF OF SERVICE

I hereby certify that on April 14, 2008, an exact copy of the within document was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for its distribution to all counsel of record.

/s/ Nicholas R. Mancini