JLM     7/14/08    07-234

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PETER MACDOUGALL AND MYRNA MACDOUGALL : | |
| : | |
| V. : | C.A. No. 07-394-S |
| : | |
| HEWLETT-PACKARD COMPANY : | |

## PLAINTIFFS' OBJECTION TO MOTION FOR PROTECTIVE ORDER

Now come the plaintiffs, Peter MacDougall and Myrna MacDougall, and object to the *State of Rhode Island Fire Marshal's Motion for a Protective Order*. A memorandum in support of Plaintiffs' objection is attached hereto and incorporated herewith.

    Respectfully submitted,
    Plaintiffs,
    By their attorneys,

    /s/ Jacquelyn L. Mouquin
    James T. Murphy, Esq.    #1698
    Jacquelyn L. Mouquin, Esq.  #7679
    HANSON CURRAN LLP
    146 Westminster Street
    Providence, RI 02903
    (401) 421-2154 Telephone
    (401) 521-7040 Facsimile
    jlm@hansoncurran.com
    *Local Counsel*

## PROOF OF SERVICE

I hereby certify that on _7/14/08_, an exact copy of the within document was filed electronically and is available for view and downloading from the Electronic Case Filing System of the United States District Court for its distribution to all counsel of record.

/s/ Jacquelyn L. Mouquin
of Hanson Curran LLP

JLM    7/14/08    07-234

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PETER MACDOUGALL AND MYRNA MACDOUGALL : | |
| V. : | C.A. No. 07-394-S |
| HEWLETT-PACKARD COMPANY : | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## THEIR OBJECTION TO MOTION FOR PROTECTIVE ORDER

The parties in the above matter seek to depose Deputy State Fire Marshal David W. Scott on July 25, 2007. Fire Marshal Scott investigated the fire which is the subject of the present litigation. In his official capacity Fire Marshal Scott issued a report which documented his findings, including opinions concerning the origin of the fire.

Fire Marshal Scott has filed with the court a motion for a protective order seeking to relieve him from testifying as to any opinions he reached during his investigation. While plaintiffs do not intend to make Fire Marshal Scott their expert witness, plaintiffs assert that Fire Marshal Scott should provide deposition testimony about his factual discoveries, and to the extent he is able, any opinions drawn there from. Full and honest disclosure by Fire Marshal Scott serves public policy.

First, Fire Marshal Scott investigated this fire in an official capacity. As the lead public sector investigator, Fire Marshal Scott had immediate exclusive unrestricted access to first responders, witnesses, evidence, fire department records, and the fire scene. Fire

1

Marshal Scott was granted a unique opportunity to investigate the facts, and may be positioned to offer the best analysis concerning the fire.

Second, Fire Marshal Scott became involved in this investigation for the purpose developing opinions about the fire's cause, then publishing those opinions as a matter of public record. In short, Fire Marshal Scott's job as a public servant is to develop opinions about fires, to the extent he is able.

Finally, it is difficult if not impossible to segregate Fire Marshal Scott's factual investigation from his opinion. The very process of a fire investigation is to some degree dictated by opinions reached during the investigation. For instance, an investigator will at some point determine the area of the fire's origin. Investigation will then focus on that area, not other areas that, in the investigator's opinion, are not important to determining the cause of the fire.

Fire Marshal Scott relies upon *Ondis v. Pion*, 497 A.2d 13 (R.I. 1985). In *Ondis*, a plastic surgeon who performed work on the victim of a car accident refused to comply with a subpoena requiring that he provide expert testimony regarding the future consequences of those injuries. *Id.* at 18. The court found that because the plastic surgeon was not hired as an expert witness he could not be compelled to testify in that capacity, as requiring him to do so would amount to involuntary servitude. *Id.* at 18.

*Ondis* is distinguishable from the present matter. In *Ondis*, the surgeon was a private citizen who by mere happenstance performed a medical procedure on a patient who would eventually become a plaintiff in litigation. As the court noted, the surgeon was not paid to develop then present an opinion. Here, Fire Marshal Scott is a public official employed by the State for the specific purpose of investigating fires and

determining their cause. His official capacity provides him with unique access and enforcement powers, with the goal of generating a public record concerning the cause of the fire, and perhaps testifying about his findings.

Fire Marshall Scott should provide testimony concerning his investigation. To the extent he drew conclusions about which he is comfortable testifying, he should testify to those as well. If Fire Marshall Scott cannot offer an opinion on a particular topic he should state the reasons why. Objections to particular questions should be preserved for consideration by the court.

WHEREFORE, in light of the above, plaintiffs request that this Court deny the State of Rhode Island's motion.

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Jacquelyn L. Mouquin
James T. Murphy, Esq.      #1698
Jacquelyn L. Mouquin, Esq. #7679
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 Telephone
(401) 521-7040 Facsimile
jlm@hansoncurran.com
*Local Counsel*

## PROOF OF SERVICE

I hereby certify that on _7/14/08_, an exact copy of the within document was filed electronically and is available for view and downloading from the Electronic Case Filing System of the United States District Court for its distribution to all counsel of record.

/s/ Jacquelyn L. Mouquin